[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10425
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-01784-LSC-JEO

TIMOTHY BURNS,
by and through him father of a minor child, A.B.,

Petitioner - Appellant.

versus

STATE OF ALABAMA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 11, 2019)

Before WILLIAM PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Timothy Burns filed in the United States District Court for the Northern District of Alabama a document titled "A Writ Of Habeas Corpus." Burns accused a state court judge of violating his rights under the Fifth and Fourteenth Amendments of the United States Constitution and Title VII of the Civil Rights Act of 1974. But Burns was not a prisoner. Burns's adult daughter had filed a dependency petition alleging that Burns had dementia and was unable to care for his minor daughter.[1] Burns came to federal court to complain about the process and result of that dependency proceeding.

Burns premised his putative habeas petition on the notion that his daughter was "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Burns argued that his minor daughter was in the "custody" of another and that the process leading to that situation violated Burns's constitutional rights. The Supreme Court, however, has rejected Burns's argument regarding custody. In *Lehman v. Lycoming County Children's Services*, 458 U.S. 502 (1982), the Supreme Court held that § 2254 does not confer "jurisdiction on the federal courts to consider collateral challenges to state-court judgments involuntarily terminating parental rights." *See id.* at 503, 515–16. In particular, the Court explained, "The 'custody' of foster or adoptive parents over a child is not

---

[1] We learned of these facts because the magistrate judge judicially noticed them from a concurrent 42 U.S.C. § 1983 lawsuit Burns had filed.

the type of custody that traditionally has been challenged through federal habeas."

*Id.* at 511.  It is impermissible "to relitigate, through federal habeas, . . . interest in

[a petitioner's] own parental rights."  *Id.*

In light of *Lehman*, the magistrate judge recommended the case be dismissed

for lack of jurisdiction.  On December 6, 2017, the district court adopted the

magistrate judge's recommendation, dismissing Burns's action without prejudice.

On January 10, 2018, and January 11, 2018, Burns filed documents titled

"Demand A Jury Trial" and "In Support Of Lawsuit."  The documents appear to be

an attempt to revive the lawsuit.  They allege, in substance, that the state court was

biased and did not properly consider the facts, and they contain a demand for $10

million.  On January 18, 2018, construing Burns's filings liberally, the district

court explained that they could not qualify as a motion to alter or amend the

judgment under Rule 59(e) of the Federal Rules of Civil Procedure because they

were not filed within 28 days of the judgment.  Moreover, because judgment had

been entered, Burns could not have amended his complaint under Rule 15(a).

Finally, the filings did not fall within one of Rule 60(b)'s six categories for relief

from the judgment.[2]

---

[2] On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

Burns filed a notice of appeal on February 2, 2018. That notice was untimely as to his § 2254 petition, which was dismissed on December 6, 2017, and whose appeal window was not tolled by any timely motion. *See* Fed. R. App. P. 4(a)(1)(A), (a)(4)(A). The district court was correct that Burns's January filings were time-barred under Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). The district court's remarks about Rule 15(a) were also correct. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Rule 15(a), by its plain language, governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered.").

Thus, although Burns's brief is unclear on the point, the only order he could timely and validly be appealing is the district court's denial of what it construed to be a Rule 60(b) motion. "We review a district court's denial of a Rule 60(b) motion only for an abuse of discretion." *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 851 F.3d 1158, 1170 (11th Cir. 2017). The district court did not abuse its discretion in continuing to rely on the Supreme Court's clear holding in *Lehman*. We are

---

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

4

satisfied that there is no basis to disturb the dismissal of Burns's putative habeas action.

**AFFIRMED.**[3]

---

[3] We deny Burns's motion to file an amended brief.  The proposed amended brief does not change our analysis.